UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUILONG ZHENG,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | Case No.: 26-cv-4445-RSH-AHG<br>**ORDER DENYING AMENDED PETITION FOR HABEAS CORPUS** |

On July 17, 2026, petitioner Huilong Zheng, originally proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of California. ECF No. 1. The petition was subsequently transferred to this District. ECF No. 10. On August 18, 2026, Petitioner filed an amended petition. ECF No. 20. For the reasons below, the Court denies Petitioner's amended petition.

## I. BACKGROUND

### A. First Petition

Petitioner has previously sought habeas relief in this District. *See Zheng v. The United States of America*, No. 26-cv-1563-RSH-AHG (S.D. Cal.) ("the Prior Action"). In that case, the Court granted the petition and directed the respondents "to arrange a bond hearing for petitioner before an immigration court within seven (7) days of this order, at

which the government bears the burden of establishing, by clear and convincing evidence, that Petitioner presents a risk of flight or poses a danger." Case No. 26-cv-1563, ECF No. 9 at 1.

Petitioner was subsequently scheduled for a bond hearing on April 15, 2026, but withdrew his request through counsel. Case No. 26-cv-1563, ECF No. 13-1. Petitioner was then scheduled for another bond hearing before a different immigration judge on May 4, 2026, but again withdrew his request through counsel. Case No. 26-cv-1563, ECF No. 13-2. On May 12, 2026, Petitioner requested a bond hearing pro se. The immigration judge appeared to not have been informed of the Court's April 7, 2026 order and denied bond on the ground that Petitioner was subject to mandatory detention. Case No. 26-cv-1563, ECF No. 13-3.

On May 27, 2026, Petitioner moved to reopen the Prior Action and enforce the Court's judgment. Case No. 26-cv-1563, ECF No. 11. On June 17, 2026, before the Court ruled on this motion, Petitioner received a second bond hearing. The immigration judge found that the government had established by clear and convincing evidence that Petitioner presented a risk of flight and therefore denied bond. Case No. 26-cv-1563, ECF No. 15-1 at 1. On June 29, 2026, Petitioner filed a reply in support of his motion to enforce, characterizing the immigration judge's ruling as one based on mandatory detention, while also acknowledging and challenging the immigration judge's flight risk determination. Case No. 26-cv-1563, ECF No. 16 at 18.

On July 8, 2026, the Court denied the motion to enforce, concluding that the immigration judge had applied the clear and convincing evidence standard and made an individualized finding that Petitioner posed a flight risk. Case No. 26-cv-1563, ECF No. 17 at 2–3. The Court therefore determined that Petitioner had received the bond hearing required by its April 7, 2026 order. *Id.* at 3.

///

///

///

**B. Second Petition**

On July 17, 2026, Petitioner, then proceeding pro se, filed a second petition for a writ of habeas corpus, this time in the Eastern District of California, challenging his continued detention. ECF No. 1. On July 24, 2026, the Eastern District appointed counsel for Petitioner. ECF No. 7. The action was subsequently transferred to this District. ECF Nos. 9, 10. On August 18, 2026, Petitioner, through counsel, filed the operative amended petition. ECF No. 20.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

**A. The Prior Action**

Petitioner characterizes his amended petition in this case as seeking enforcement of the Court's April 7, 2026 order requiring a bond hearing in the Prior Action. *See* ECF No. 20 at 2, 9. But the Court has already considered and rejected Petitioner's contention that the June 17, 2026 bond hearing failed to comply with that order. Case No. 26-cv-1563, ECF No. 17. As discussed above, in its July 8, 2026 order in the Prior Action, the Court concluded that the immigration judge had applied the clear and convincing evidence standard and determined based on evidence that Petitioner presented a flight risk. *Id.* at 3.

The Amended Petition neither acknowledges that ruling nor directly addresses its reasoning. Therefore, to the extent Petitioner again contends that the Immigration Judge's June 17, 2026 hearing failed to comply with the Court's April 7, 2026 order, the Court rejects that contention for the reasons stated in its prior order.

///

///

**B. Prudential Exhaustion**

Petitioner's remaining claims challenge the immigration judge's bond determination itself. These claims are unexhausted. The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Here, Petitioner does not dispute Respondents' representation that he has not appealed the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). *See* ECF Nos. 22 at 3; 23. Instead, Petitioner argues an appeal is not required before seeking enforcement of a court order. ECF No. 20 at 9. But Petitioner already sought enforcement in the Prior Action, which the Court denied. His remaining contentions—that the immigration judge misapplied the burden of proof and otherwise committed errors

during the bond hearing—amount to a challenge of the bond determination itself. ECF No. 20 at 5–8. The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Consistent with *Leonardo*, the Court declines to consider those claims before the BIA has had an opportunity to address them.

## IV. CONCLUSION

For the foregoing reasons, the amended petition is **DENIED.** The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge